Treadwell Cleveland, for appellant.
William Mitchell, for respondent.

PARKER, J.   The affidavit upon which the order is based, authorizing the examination of Van Nostrand for the alleged purpose of enabling the affiant to prepare his complaint in an action to be brought by him, is fatally defective, in that it fails to support the allegations made upon information and belief by the affidavit of deponent's informant, or by assigning a reason for not producing such affidavit, and presenting, instead, the statements made by him to the affiant.   From the affidavit it appears that the information which persuaded the affiant to make it was obtained from one MacDonald, and an alleged copy of an agreement.   The so-called "agreement" does not justify the belief expressed, and the remaining source of information is therefore MacDonald's statement to him.   But he has failed to furnish to the court any part of the conversation with MacDonald.   Whether MacDonald said anything to justify the impression made upon the affiant's mind, the court cannot know;   and the authority to inquire into the private affairs of an alleged interested party to an action will not be granted by it until it has such knowledge of the facts as persuades it that the examination is desired solely for the purposes authorized by the Code.   The order should be reversed, with $10 costs and printing disbursements, and motion granted, with $10 costs.   All concur.

---

HULL v. NEW YORK EL. R. CO. et al. (two cases).

(Supreme Court, General Term, First Department.   May 18, 1894.)

ELEVATED RAILROADS—DAMAGES TO ABUTTERS—RELEASE OF MORTGAGE.
   Payment of a judgment against an elevated railroad for fee damages to abutting premises will be conditioned on the release of a mortgage on such premises.

Appeal from special term, New York county.

Two actions by John Henry Hull against the New York Elevated Railroad Company and another for an injunction, and to recover damages to plaintiff's houses and lots known as "Nos. 244 and 246 East Thirty-Fourth Street."   From a judgment awarding an injunction unless defendants pay $3,000 as fee damages, and $1,500 rental damages, to each of the houses, defendants appeal. Judgment in action No. 1 modified, and judgment in action No. 2 affirmed.

Argued before VAN BRUNT, P. J., and FOLLETT and PARKER, JJ.

J. C. Thomson, for appellant.
J. H. Hull, in pro. per.

PER CURIAM.   The main question involved in this case is a question of fact,—as to whether the award was justified by the evidence.   We are of opinion that it was, and do not think it neces-

sary to rehearse the evidence, but merely give our conclusion, as derived from the argument and examination of the case. It is, however, claimed that one of the mortgagees was not required by the decree to release the mortgage in respect to the piece of property described in the action which is called "No. 1." It is urged upon the part of the respondent that such release is not necessary, as the mortgage in question has become merged. We do not think, in view of the condition of this record, that the defendants should be required to depend upon such merger, but that the decree in action No. 1 should be modified by requiring a release from the mortgage as a condition of payment, and, as modified, affirmed, without costs. In action No. 2 no such question exists, and the judgment should be affirmed, with costs.